ENTERED AUG 2 7 2014 Federal

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAW-CMM-05-13-2014

EVERETT J. PRESCOTT, INC.        )
                                 )
        Plaintiff                )
                                 )    No. 1:14-cv-00199-JAW
                                 )
ROBERT W. LEAHY                  )
                                 )
        Defendant                )

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

On May 13, 2014, Everett J. Prescott, Inc. (EJP) filed a complaint and motion for temporary restraining order (TRO) against Robert W. Leahy. EJP alleges that Mr. Leahy recently concluded his employment with Prescott and is now breaching an Employee Non-Disclosure and Non-Competition Agreement by obtaining employment with a competitor, HD Supply, Inc., and soliciting EJP customers using confidential EJP information. *Compl.* (ECF No. 1); *Mot. for TRO* (ECF No. 7). Mr. Leahy has not yet been served. Rather than wait for Mr. Leahy to be served and give him an opportunity to be heard, EJP demands judicial action today on its motion for TRO.

The Court DENIES EJP's Motion for TRO. Under Federal Rule of Civil Procedure 65(b)(1)(A), a court may issue a TRO without written or oral notice to the adverse party only if

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

FED. R. CIV. P. 65(b)(1)(A). In addition, Rule 65 requires that the movant's attorney:

certif[y] in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(B). In addition, the Court evaluates a motion for TRO using the same familiar four-factor analysis used to evaluate a motion for preliminary injunction:

(1) the likelihood of success on the merits;

(2) the potential for irreparable harm [to the movant] if the injunction is denied;

(3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and

(4) the effect (if any) of the court's ruling on the public interest.

*Esso Std. Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)).

Significantly, the time period that is the focal point of the TRO is the period from today until Mr. Leahy may be served, heard, and the issue resolved. *Northwest Bypass Grp. v. United States Army Corps of Eng'rs*, 453 F. Supp. 2d 333, 338-39 (D.N.H. 2006) (denying motion for TRO in part because the construction which was the subject of the motion would not reach sensitive environmental and historic areas before a preliminary injunction hearing could be held). As Professors Wright, Miller and Kane observed:

The issuance of an ex parte [TRO] is an emergency procedure and is appropriate only when the applicant is in need of immediate relief.

11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2951 (2013 ed). The Professors quote a law review article that describes a typical situation where a TRO might be granted:

2

> Immediate action is vital when imminent destruction of the disputed property, its removal beyond the confines of the state, or its sale to an innocent third party is threatened.

*Id.* (quoting *Developments in the Law—Injunctions*, 78 Harv. L. Rev. 994, 1060 (1965)). Even if the Court assumes that Mr. Leahy is violating the terms of EJP's non-competition agreement, the Court is not convinced that EJP will suffer irreparable harm between now and the time that Mr. Leahy is served with the Complaint in this case and the Court is able to hear the positions of the parties. EJP has given little reason for this Court to conclude that a legal emergency exists that would justify the Court's action without notice to Mr. Leahy. In the words of the Advisory Committee:

> In view of the possibly drastic consequences of a [TRO], the opposition should be heard, if feasible, before the order is granted. Many judges have properly insisted that, when time does not permit of formal notice of the application to the adverse party, some expedient, such as telephonic notice to the attorney for the adverse party, be resorted to if this can reasonably be done.

FED. R. CIV. P. 65 advisory committee's note (1966 amendment).

Moreover, a party seeking a TRO would be wise to realize that the order will remain uncontested only until a hearing and limit the requested relief both in time and scope to what is essential to meet the legal emergency. Furthermore, in the context of an employment agreement, the "party seeking enforcement cannot leave it to the court to enforce only those provisions the court deems reasonable. To do so would require the court to redraft the contract." *Everett J. Prescott, Inc. v. Ross*, 390 F. Supp. 2d 44, 47 (D. Me. 2005).

3

Here, EJP's appetite has exceeded its reach. EJP contends that it is entitled to a TRO because Mr. Leahy has joined a competitor, has been served with a cease and desist notice, and has made it clear to EJP that he intends to continue to compete with EJP by selling competing products in EJP's sales territory and to its former customers. *Mot. for TRO* Attach. 1 *Att'y's Certificate, Fed. R. Civ. P. 65(b)(1)(B)*, at 2 (ECF No. 7). Among other things, EJP proposes that the Court enjoin Mr. Leahy from continuing in employment with HD Supply, Inc. "in any capacity within 24 months of this Court's Order," from "engaging in . . . any other Restricted Competitive Business within the Restrictive Geographic Area within 24 months of this Court's Order," and from "[d]isclosing any proprietary or confidential information about EJP[']s customers or vendors to any person." *Mot. for TRO* Attach. 3 *Proposed Order*, at 2 (ECF No. 7).

On its face, EJP's demanded relief exceeds its rights under the Employee Non-Disclosure and Non-Competition Agreement. *See Aff. of Michael Gorman* Attach. 1 *Employee Non-Disclosure and Non-Competition Agreement*, at 4 (ECF No. 3). That Agreement does not prohibit Mr. Leahy from being employed by a competitor; it prohibits him from being employed "in the same or similar capacity or function to that in which Employee worked for [EJP]". *Id.* In *Everett J. Prescott v. Ross*, addressing a similar EJP employee agreement, this Court observed that under the agreement, the former employee "could join a direct competitor, but would violate the Agreement if he used EJP confidential information to its disadvantage." 390 F. Supp. 2d at 46.

4

EJP's requested relief would immediately prevent Mr. Leahy from earning a living, and the consequences of a TRO on Mr. Leahy would be much more dramatic than the consequences to EJP of maintaining the status quo until the matter can be heard with both parties represented. Thus, the balance of relevant impositions if the TRO were issued as requested falls much more heavily upon Mr. Leahy than upon EJP if it were not.

This does not mean that EJP will be unsuccessful in its lawsuit. In 2005, after an evidentiary hearing during which both sides were represented, the Court enforced portions of a similar agreement. *Ross*, 390 F. Supp. 2d at 49-50; *Everett J. Prescott, Inc. v. Ross*, 383 F. Supp. 2d 180, 193-94 (D. Me. 2005). It does mean, however, that the Court will not grant a motion for emergency injunctive relief without notice to the adverse party.

The Court DENIES Everett J. Prescott, Inc.'s Motion for Temporary Restraining Order (ECF No. 7).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2014

**Plaintiff**

EVERETT J PRESCOTT INC      represented by **DANIEL J. MURPHY**
                            BERNSTEIN SHUR SAWYER &
                            NELSON
                            100 MIDDLE STREET, WEST
                            TOWER

5

P.O. BOX 9729
PORTLAND, ME 04104-5029
207-228-7120
Email: dmurphy@bernsteinshur.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL A. HODGINS**
BERNSTEIN, SHUR
146 CAPITOL STREET
P.O. BOX 5057
AUGUSTA, ME 04332-5057
207-623-1596
Email: mhodgins@bernsteinshur.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ROBERT W LEAHY**